McKinney, J.,
delivered the. opinion of the court.
The facts on which depends the • question presented in this case, are these : On the 1st day of August, 1848, Elizabeth Lynch, complainant’s intestate, executed a deed of gift, which contains the following clause : “For and in consideration of the love and affection I bear to my grand children, James Coppedge, Mary Coppedge, Joseph Coppedge, John Coppedge, Amanda Coppedge and William Coppedge, children of my daughter Eliza, and her husband,Oliver H. Coppedge; and more particularly to aid my said grand children’s support, in their raising and education; I do hereby give, transfer and convey to them — reserving the use of the same to my said daughter Eliza, during her natural life — my negro hoy Harry, aged *488 about twelve years, and my negro girl Amy, aged about sixteen years. I covenant and agree, for myself and heirs, to defend the title to said negroes to my said grand children, James, Mary, Joseph, John, Amanda, and William Coppedge, their heirs and assigns, against the lawful claims of all persons whatsoever.”
Elizabeth Lynch died shortly after the execution of said deed oí gift, intestate; and this bill is brought by her personal representative for a settlement and distribution of the estate, the distributees being all parties.
The only question is, whether the use of the two slaves reserved to the defendant, Eliza Coppedge, during her life, in the foregoing deed of gift, should be treated as an advancement, and charged to her as such, in the distribution of the personal estate of her mother, Elizabeth Lynch.
We think it very clear, that such was not the intention of the donor, and that in no sense can it be so regarded. An advancement, properly speaking, is a gift by a parent to his child, by anticipation, in whole or part, of what it is supposed the child would be entitled to on the death of the parent. 17 Mass. R., 358. It may be conceded as true, that the gift of a life-estate interest in slaves, would properly be an advancement. But here, there is no gift of a life-estate to the daughter. By the express terms of the deed, the gift is of a present, absolute interest to the grand children. The use merely, as distinguished from any interest in the property, is reserved to the daughter for life. It is true, that the daughter takes a benefit under the deed, but this benefit is incidental and secondary to the main, primary object of the donor, which obviously was, to secure the possession and use of the slaves to the daughter, as a means of enabling her the better to support, raise and educate the donees. The daughter has no interest in the property which she could alienate; her husband’s marital right does not attach upon it; and it *489 can scarcely be doubted that, on the refusal of the defendants to support and educate the donees, a court of equity would lay hold of the slaves, and make them subservient to the plain, manifest purposes of the gift.
But we are of opinion that, had the reservation of the mere use of the slaves to the daughter for life, been for her own sole and exclusive henefit, it could not be considered as an advancement, because of the present, absolute gift of the property to the grand children. Even if there had been a gift of the life interest in the slaves to the daughter, the use or profits of their labor, could not be treated as an advancement, but merely the reasonable value of such life interest, at the time of the gift. 3 Rand. R., 559; 17 Mass. R., 358.
Decree affirmed,